UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DONNA CHIAMPI, | : | HONORABLE JOSEPH E. IRENAS |
| Plaintiff, | : | CIVIL ACTION NO. 05-3395 (JEI) |
| v. | : | |
| | : | **OPINION** |
| BALLY'S PARK PLACE, INC. | : | |
| d/b/a BALLY'S HOTEL | : | |
| AND CASINO, and CAESAR'S | : | |
| ENTERTAINMENT, INC. | : | |
| Defendant. | : | |

**APPEARANCES:**

ROBERT PAUL WEINER
Society Hill Office Park
Suite 4
1874 Route 70 East
Cherry Hill, NJ 08003
        Counsel for Plaintiff

COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.
By:  Joel M. Chipkin
1125 Atlantic Avenue, Third Floor
Atlantic City, NJ 08401-4891
        Counsel for Defendant Bally's Park Place, Inc. d/b/a Bally's
        Hotel and Casino

**IRENAS**, Senior District Judge:

        Plaintiff commenced this personal injury action in this

Court on July 6, 2005, asserting diversity jurisdiction.

Defendant moved to dismiss on July 26, 2006, arguing that the

Court should abstain from adjudicating this case to avoid

duplicative litigation.  For the reasons stated below,

Defendant's motion will be granted.

**I.**

On or about July 8, 2003, Plaintiff stayed at Bally's Hotel and Casino, located at Park Place and Boardwalk, Atlantic City, New Jersey.  (Compl. ¶¶ 5-7).  Shortly after checking into her room, Plaintiff slipped and fell in the bathroom.  (*Id.* at ¶ 8).  Plaintiff claims that the fall caused various injuries, and that Defendants are responsible.[1]  (*Id.* at ¶¶ 10-12).

On July 6, 2005, Plaintiff commenced this action in this Court.  Plaintiff also commenced another suit on July 5, 2005, in the Superior Court of New Jersey, Atlantic County.  (Pl. Br. at p. 1).  Plaintiff admits that "[t]he parties and the allegations in the two different law suits are identical."  (*Id.*).  She explains that she instituted the suit in the state court to toll the statute of limitations in the event that the federal action was dismissed.[2]  (*Id.* at pp. 1-2).

**II.**

Abstention is a judicially created doctrine that permits a federal court to abstain from accepting jurisdiction over a

---

[1]  The docket indicates that process was never served on Defendant Caesar's Entertainment, Inc.

[2]  Plaintiff claims that she offered to withdraw the suit pending in the state court if Defendant would consent to allow the matter to proceed in this Court.  Defendant rejected this offer.  The Court notes that the parties cannot confer subject matter jurisdiction on the Court by consent.  *In re Combustion Engineering, Inc.*, 391 F.3d 190, 228 (3d Cir. 2004).

matter when a parallel state proceeding addresses the same
matter.  *See Colorado River Water Conservation Dist. v. United
States*, 424 U.S. 800, 813 (1976).  "Abstention from the exercise
of federal jurisdiction is the exception, not the rule."  *Id.*
Abdication of the obligation to decide cases can be justified
under this doctrine only in the exceptional circumstances where
the order to the parties to repair to the state court would
clearly serve an important countervailing interest.  *Id.; see
also County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185,
188-89 (1959).

Under the abstention doctrine articulated in *Colorado River*,
federal courts must consider the principles regarding
federal-state relations which govern in situations involving the
contemporaneous exercise of concurrent jurisdictions.  424 U.S.
at 817.  These principles rest on considerations of "[w]ise
judicial administration, giving regard to conservation of
judicial resources and comprehensive disposition of litigation."
*Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342
U.S. 180, 183 (1952)).

The *Colorado River* Court cited six factors in determining
whether abstention is appropriate: (1) which court first assumed
jurisdiction over property that is the subject of litigation; (2)
the convenience of the federal forum; (3) the desirability of
avoiding piecemeal litigation; (4) the order in which
jurisdiction was obtained by the concurrent forum; (5) whether,

and to what extent, federal law provides the rules of decision on
the merits; and (6) the adequacy of the state proceeding in
protecting the rights invoking federal jurisdiction.  *See
Colorado River*, 424 U.S. at 818-19.  "No one factor is
necessarily determinative; a carefully considered judgment taking
into account both the obligation to exercise jurisdiction and the
combination of factors [counseling] against that exercise is
required."  *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*,
460 U.S. 1, 15 (1983).

In this case, the factors weigh heavily in favor of
abstention.[3]  The first factor is irrelevant since neither court
in this case asserted jurisdiction over any property.  The second
factor weighs in favor of abstention.  Atlantic City is where the
accident occurred, and where Defendant and the witnesses are
located.  While Plaintiff claims that she must travel further to
reach Atlantic City (175 miles compared to 117 miles), no party,
no witness, and no evidence is located in Camden County.
Atlantic City, overall, is more convenient than Camden.

The third factor also weighs in favor of abstention.

---

[3]  To apply the *Colorado River* abstention doctrine, the
Court must first establish that the matters are parallel.
*University of Maryland v. Peat Marwick Main & Co.*, 923 F.2d 265,
276 n.16 (3d Cir. 1991).  Two proceedings are parallel if they
involve substantially the same parties litigating the same issues
in two separate forums.  *Ryan v. Johnson*, 115 F.3d 193, 196 (3d
Cir. 1997).

Here, Plaintiff candidly admits that the parties and the
allegations in the two different law suits are identical.

Litigating the same claim in two separate forums is a waste of judicial resources, and will undermine the goal of "wise judicial administration" envisioned by the *Colorado River* Court.

The fourth factor examines the order in which each forum asserted jurisdiction over the matter.  Here, the Supreme Court cautions that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."  *Moses H. Cone Memorial Hosp.*, 460 U.S. at 21.

Defendant began discovery in the state suit immediately after Plaintiff commenced it by noticing depositions, serving and answering discovery, assembling medical records and documents, and filing motions.  By contrast, the only action that was taken in this Court was the filing of pleadings and the motion to dismiss.  Plaintiff does not dispute this, but simply argues that all discovery materials of the state proceeding could also be used in this Court.  However, because it is clear that the state suit has already proceeded much further, factor four weighs in favor of abstention.

The fifth factor decisively weighs in favor of abstention. The case involves personal injury, and New Jersey substantive law applies.  No federal interest is implicated.

Finally, the sixth factor does not weigh against abstention. Plaintiff argues that because Defendant employs many hundreds of Atlantic City's residents and is well known in the area, the

potential jury pool may disfavor Plaintiff.  However, Plaintiff did not offer any evidence beyond mere speculation to support this contention.  In the absence of proof, the Court will not accept the suggestion that the Superior Court of New Jersey in Atlantic County will not adequately protect Plaintiff's rights.


## III.

For the reasons stated above, Defendant's motion to dismiss will be granted.  The Court will issue an appropriate order.


Date: February 7, 2007


                                        s/*Joseph E. Irenas*
                                        JOSEPH E. IRENAS, S.U.S.D.J.